UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| CODY EUGENE TURNER, ) <br> ) <br> Petitioner-Defendant, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent-Plaintiff. ) | Case Nos. 16-cr-40044-1-JES <br> 20-cv-4184-JES |

### ORDER AND OPINION

**JAMES E. SHADID, U.S. District Judge:**

Before the Court is Petitioner-Defendant Cody Eugene Turner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (d/e 49). Turner alleges that his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) is invalid in light of the Supreme Court's decision in *Rehaif v. United States,* 139 S. Ct. 2191 (2019). For the reasons below, the Court DISMISSES the § 2255 Motion as untimely and DECLINES to issue a Certificate of Appealability.

### I. BACKGROUND

In July 2016, a grand jury in the District Court for the Central District of Illinois charged Turner with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). *See* Indictment (d/e 1). Turner pled guilty in January 2017, without a plea agreement. At a sentencing hearing on May 23, 2017, this Court sentenced Turner to 110 months' imprisonment. Judgment (d/e 35). Turner did not appeal.

On November 8, 2019, Turner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. *See Turner v. Entzel*, Case No. 19-1363 (C.D. Ill.), Petition (d/e 1). He argued that he is actually innocent of the § 922(g) conviction in light of *Rehaif v. United States,* 139 S.Ct. 2191 (2019). *Id*. Upon receiving the Petition, the Court noted that Turner had not previously filed a § 2255 motion and granted Turner the opportunity to recharacterize his petition as a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. The Court also directed the clerk to send him a blank copy of a § 2255 form motion. Turner opted to pay the filing fee and not recharacterize his petition. The Court summarily dismissed his petition on November 27, 2019, finding that his claims could not be brought in a § 2241 petition pursuant to 28 U.S.C. § 2255(e) because any permissible *Rehaif* claims could still be raised in a § 2255 motion. Case No. 19-1363, Order (d/e 3).

Despite the clear guidance by this Court that his *Rehaif* claim should be brought in a § 2255 motion, Turner next attempted to bring his *Rehaif* claim in a motion pursuant to Rule 60(b)(5) (d/e 46) on February 26, 2020. The Court denied the motion the same day and referred Turner back to the Order in his § 2241 case.

Then, on August 28, 2020, the Court received this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (d/e 49), which was dated August 26, 2020. As in his § 2241 Petition and his Rule 60(b)(5) motion, Turner argues that he is actually innocent of the § 922(g) conviction in light of *Rehaif v. United States,* 139 S.Ct. 2191 (2019). After being ordered to respond, the Government filed its response and motion to dismiss the § 2255 motion (d/e 59) on November 6, 2020. The Government argues that Turner's Motion should be dismissed as untimely, is procedurally defaulted, and is without merit. Turner filed his reply (d/e 68) on February 24, 2021.

## II. DISCUSSION

A one-year period of limitation applies to § 2255 petitions.  28 U.S.C. § 2255(f).  The one-year period begins to run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

 28 U.S.C. § 2255(f)(1)-(4).  The timeliness of each claim must be considered independently.  *Davis v. United States*, 817 F.3d 319, 327 (7th Cir. 2016).

Here, Turner's claim is not timely under § 2255(f)(1).  His judgment of conviction became final in 2017 and he did not file this motion until August 2020.  Nor does Turner rely on facts that were not reasonably able to be discovered with reasonable diligence at the time of his conviction ((§ 2255(f)(4), nor assert claims that the Government impeded him from making a motion (§ 2255(f)(2)).

However, Turner's claim is based on a recent Supreme Court decision, *Rehaif*, which was decided on June 21, 2019.  As the Government notes, *Rehaif* qualifies as a right that has been newly recognized by the Supreme Court and made retroactive to cases on collateral review for purposes of § 2255(f)(3).  So, Turner had one year from the date of the *Rehaif* decision to file his motion, or until June 21, 2020.  *Dodd v. United States*, 545 US 353, 357 (2005) ("[T]he one year limitation period for filing motion to vacate based on right that was newly recognized by the

Supreme Court ran from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactively applicable"). Turner fell short of this deadline by two months when did not file his motion until August 28, 2020.

Nonetheless, Turner argues that he qualifies for equitable tolling. In exceptional circumstances, a court may find equitable tolling appropriate and deem an untimely § 2255 motion as timely. "Equitable tolling is a remedy reserved for '[e]xtraordinary circumstances far beyond the litigant's control [that] ... prevented timely filing.'" *Nolan v. United States*, 358 F.3d 480, 484 (7th Cir. 2004) (quoting *Modrowski v. Mote*, 322 F.3d 965, 967 (7th Cir. 2003), *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)). The Supreme Court has held equitable tolling is only available if the petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida,* 560 U.S. 631, 649, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. Diguglielmo,* 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). The petitioner seeking the tolling has the burden of demonstrating both elements of the *Holland* test. *Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016) (citing *Williams v. Buss*, 538 F.3d 683, 685 (7th Cir. 2008). And, if either element is not met, the petitioner is not entitled to equitable tolling. *Menominee Indian Tribe of Wisconsin v. United States*, 136 S. Ct. 750, 755-56 (2016).

Here, Turner argues that he was unable to file a timely § 2255 motion because his access to his legal materials and the library has been severely restricted during the COVID-19 pandemic. The COVID-19 pandemic and the preventive measures and restrictions put in place to limit the virus' spread may be extraordinary circumstances and, in some cases, may warrant equitable tolling. Here, however, Turner has not shown that the COVID-19 pandemic and the

restricted access to legal materials prevented Turner from timely filing his motion. COVID-19 lockdowns and related restrictions did not begin until March 2020. By this time Turner was well aware of his *Rehaif* claim, as he had already asserted it in both a § 2241 Petition and a Rule 60 motion in his criminal case. Turner had been told on both occasions that his only option for pursing his *Rehaif* claim was by way of a § 2255 motion. He had been sent a blank § 2255 form motion, which provides the exact text of the AEDPA statute of limitations on page 12 of the form. Long before any COVID-19 lockdowns would have been in place, Turner already had all the information he needed to pursue his *Rehaif* claim and file his motion within the statute of limitations. If Turner had been diligently pursing his claim, he would have filed his § 2255 earlier—as this Court invited him to do on multiple occasions. On this record, the Court cannot find that Turner has met either of the elements for equitable tolling and must dismiss his motion as untimely.

### III. CERTIFICATE OF APPEALABILITY

If Petitioner seeks to appeal this decision, he must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c) (providing that an appeal may not be taken to the court of appeals from the final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability). A certificate of appealability may issue only if Petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a claim is resolved on procedural grounds, as it was here, a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the underlying constitutional claim *and* about whether the procedural ruling was correct. *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Here, the Court does not find that reasonable jurists could disagree about whether the Court's procedural rulings

were correct.  Accordingly, the Court declines to issue a certificate of appealability.

## IV.  CONCLUSION

For the reasons stated, Petitioner Cody Eugene Turner's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 (d/e 49) is DISMISSED as untimely.  The Court DECLINES to issue a certificate of appealability.

The Clerk is directed to enter judgment and close the accompanying civil case, No. 20-cv-4184.

Signed on this 2nd day of March 2021.

*/s/ James E. Shadid*
James E. Shadid
United States District Judge